UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>    v.<br><br>1. RAFAEL DAVILA<br>3. CARLOS FONSECA<br><br>    Defendants | CRIMINAL No. 23-CR-10127-LTS |

## JOINT FINAL STATUS MEMORANDUM

Pursuant to Local Rule 116.5(c), the parties hereby file the following final status memorandum prepared in connection with the Final Status Conference scheduled for December 20, 2023. The parties request that the Court schedule a Further Final Status Conference to be held in sixty (60) to seventy-five (75) days.

**(1)     Request for Transfer for Status Conference**

The government believes the case is ready to be transferred to the District Judge for Pretrial Conference.

The Defendants request an additional final status conference before the Magistrate Judge to be scheduled in 60 to 75 days. The Defendants report that they are continuing to review the voluminous discovery in this matter. The Defendant plan to use the additional 60 to 75 days to finalize their review of discovery. Given the Defendants' request and status of the case, the government joins in their request for an additional final status conference before the Magistrate Judge in 60 to 75 days.

**(2)(A)    Status of Discovery and Any Additional Discovery to be Produced**

Automatic discovery is complete.

To date, the government has produced the following discovery:

- Bates Nos. USAO-0000000 to USAO-0237804;
- Large File Production USAO2-0000000 to USAO2-0000018; and
- Protective Order Bates Nos. 000000 to 000213.

The government has also produced all large format digital evidence sources in its possession relating to this case, e.g., Cellebrite extraction files (.ufdr files) related to cellular devices and iCloud seized in this case, Google account data, Facebook account data, Snapchat data, etc. The government has made the discovery available to the Defendants at the detention facility. These large format digital evidence items were produced under BATES Nos. USAO2-00000-1 through USAO2-0000018.

The government recently received a large amount of additional video data that was obtained from a surveillance system seized from codefendant Jose Torres (who has since pleaded guilty). The government anticipates producing this data in the next few days. This data is believed to be well-organized by date.

With the exception of materials to be disclosed pursuant to Local Rule 116.2(b)(2), and other pretrial disclosures the government does not anticipate providing other additional discovery.

**(2)(B)  Discovery Requests**

There are no outstanding discovery requests from the defendant. The government has received no reciprocal discovery from the defendant.

**(2)(C)  Status of any Fed. R. Crim. P. 12(b) Motions**

No motions pursuant to Fed. R. Crim. P. 12(b) have been filed.

The parties continue to discuss and negotiate regarding the potential of whether motions will be filed.

**(2)(D)  Speedy Trial Act Calculations**

The Court has excluded the time from May 3, 2023 through June 29, 2023, for all the defendants. (ECF #57, 70).

The Court has excluded the time from June 29, 2023, through August 24, 2023, for all the defendants. (ECF #83).

The Court has excluded the time from August 24, 2023, through October 30, 2023, for all the defendants. (ECF #98).

The Court has excluded the time from August 24, 2023, through October 30, 2023, for all the defendants. (ECF #98).

The Court has excluded the time from October 30, 2023, through December 20, 2023, for all the defendants. (ECF #138).

The parties further agree to exclude the time from the final status conference date through date of the further final status conference requested by the parties.

As of the Further Final Status Conference requested by the parties, zero days will have counted and seventy days will remain under the Speed Trial Act.

**(2)(E)  Length of Trial**

The government reports that the trial for the two remaining defendants will take approximately 20 days to try, assuming full-days with well over 100 witnesses (including victims related to the 492 vehicles that were targeted), at least two lengthy cooperating witnesses, and the police officers from the various departments where thefts took place. In the event of extended cross-examination of the numerous witnesses in this case, the government's estimate could prove significantly understated.

The government notes that potential factual stipulations could dramatically reduce the length of the trial presentation, and number of witnesses that would be necessary. The government will explore the potential of entering into factual stipulations to reduce the duration of the trial presentation.

**(3)    Any Matters Specific to the Particular Case That Would Assist the District Court**

The government and the two remaining defendants are discussing potential resolution and expect to have a position regarding resolution developed by the next status conference date. Resolution of this matter has been complicated due to the volume of discovery.

The government formally demanded notice of alibi from the defendants on December 7, 2023, under Fed. R. Crim. P. 12.1(a). The Defendants have not responded to the government's request.

 

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney,

By:   */s/ Philip A. Mallard*
Philip A. Mallard
Assistant United States Attorney

**CERTIFICATE OF SERVICE**

I, Philip A. Mallard, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date:   December 18, 2023              */s/ Philip A. Mallard*
Philip A. Mallard
Assistant United States Attorney