UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>          v.<br><br>1. RAFAEL DAVILA<br>3. CARLOS FONSECA<br><br>          Defendants | CRIMINAL No. 23-CR-10127-LTS |

## JOINT FINAL STATUS MEMORANDUM

Pursuant to Local Rule 116.5(c), the parties hereby file the following final status memorandum prepared in connection with the Final Status Conference scheduled for February 9, 2024.

For Rafael Davila, the parties request that the Court schedule a Status Conference before the District Judge to be held in sixty (60) to seventy-five (75) days.

For Carlos Fonseca, the parties request a Rule 11 hearing date to be scheduled after March 31, 2024.

**(1)      Request for Transfer for Status Conference**

Defendant Carlos Fonseca requests that his matter be transferred to the District Judge for Rule 11 hearing. The parties have conferred and would request a date after March 31, 2024. The basis for this request is the vacation schedules of counsel, and the necessity of counsel for Fonseca to meet with him to discuss the government's proposed plea agreement, and if agreed-to by the Defendant, for the government to seek approval of its terms. The government notes that its timetable to obtain the necessary approvals will be negatively affected by the trial schedule of the applicable unit chief, and vacations.  In the event that the Defendant does not elect to change

his plea, the parties will seek to continue the hearing to the status conference sought by Rafael Davila below.

With respect to Defendant Rafael Davila, the government believes the case is ready to be transferred to the District Judge for Status Conference. The parties have had fruitful discussions regarding resolution and anticipate this case will likely resolve by way of Rule 11.  However, given the potential jeopardy, and the need to finalize review of discovery and the digital evidence, the Defendant is not prepared to seek a Rule 11 hearing at this moment. If in the interim the Defendant elects to resolve the case, the status conference can be converted into a Rule 11 hearing. Consequently, the parties request a status conference for Rafael Davila before the District Judge to be scheduled in 60 to 75 days. The Defendant reports that they are continuing to review the voluminous discovery in this matter. The Defendant plans to use the additional 60 to 75 days to finalize their review of discovery.

**(2)(A)  Status of Discovery and Any Additional Discovery to be Produced**

Automatic discovery is complete.

To date, the government has produced the following discovery:

- Bates Nos. USAO-0000000 to USAO-0237804;
- Large File Production USAO2-0000000 to USAO2-0000018; and
- Protective Order Bates Nos. 000000 to 000213.

The government has also produced all large format digital evidence sources in its possession relating to this case, e.g., Cellebrite extraction files (.ufdr files) related to cellular devices and iCloud seized in this case, Google account data, Facebook account data, Snapchat data, etc. The government has made the discovery available to the Defendants at the detention facility. These large format digital evidence items were produced under BATES Nos. USAO2-00000-1 through USAO2-0000018.

The government recently received a large amount of additional video data that was obtained from a surveillance system seized from codefendant Jose Torres (who has since pleaded guilty). The government anticipates producing this data in the next few days. This data is believed to be well-organized by date.

With the exception of materials to be disclosed pursuant to Local Rule 116.2(b)(2), and other pretrial disclosures the government does not anticipate providing other additional discovery.

**(2)(B)  Discovery Requests**

There are no outstanding discovery requests from the defendant. The government has received no reciprocal discovery from the defendant.

**(2)(C)  Status of any Fed. R. Crim. P. 12(b) Motions**

No motions pursuant to Fed. R. Crim. P. 12(b) have been filed.

The parties continue to discuss and negotiate regarding the potential of whether motions will be filed.

**(2)(D)  Speedy Trial Act Calculations**

The Court has excluded the time from May 3, 2023 through June 29, 2023, for all the defendants. (ECF #57, 70).

The Court has excluded the time from June 29, 2023, through August 24, 2023, for all the defendants. (ECF #83).

The Court has excluded the time from August 24, 2023, through October 30, 2023, for all the defendants. (ECF #98).

The Court has excluded the time from August 24, 2023, through October 30, 2023, for all the defendants. (ECF #98).

The Court has excluded the time from October 30, 2023, through December 20, 2023, for all the defendants. (ECF #138).

The Court has excluded the time from December 20, 2023, through February 9, 2024, for all the defendants. (ECF #158).

The parties further agree to exclude the time from the final status conference date through date of the further final status conference requested by the parties.

As of the Further Final Status Conference requested by the parties, zero days will have counted and seventy days will remain under the Speed Trial Act.

**(2)(E)  Length of Trial**

The government reports that the trial for the remaining defendant will take approximately 20 days to try, assuming full-days with well over 100 witnesses (including victims related to the 492 vehicles that were targeted), at least two lengthy cooperating witnesses, and the police officers from the various departments where thefts took place. In the event of extended cross-examination of the numerous witnesses in this case, the government's estimate could prove significantly understated.

The government notes that potential factual stipulations could dramatically reduce the length of the trial presentation, and number of witnesses that would be necessary. The government will explore the potential of entering into factual stipulations to reduce the duration of the trial presentation.

**(3)      Any Matters Specific to the Particular Case That Would Assist the District Court**

The government and the two remaining defendants are discussing potential resolution and expect to have a position regarding resolution developed by the next status conference date. Resolution of this matter has been complicated due to the volume of discovery.

The government formally demanded notice of alibi from the defendants on December 7, 2023, under Fed. R. Crim. P. 12.1(a). The Defendants have not responded to the government's request. The government intends to move *in limine* to prevent the assertion of an alibi defense based on the Defendant's failure to comply the notice requirements.

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney,

By:   */s/ Philip A. Mallard*
Philip A. Mallard
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I, Philip A. Mallard, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date:   February 7, 2024             */s/ Philip A. Mallard*
Philip A. Mallard
Assistant United States Attorney