UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.        )<br>)<br>1. RAFAEL DAVILA,           )<br>   a/k/a "Robbin Hood,"    )<br>       Defendant.          ) | Criminal No.: 23-10127-LTS |

**PRELIMINARY ORDER OF FORFEITURE**
**WITH RESPECT TO UNCONTESTED ASSETS**

**SOROKIN, D.J.**

WHEREAS, on May 3, 2023, a federal grand jury sitting in the District of Massachusetts returned a thirteen-count Indictment charging defendant Rafael Davila (the "Defendant"), and others, with Conspiracy to Transport Stolen Goods Valued Over $5,000 in Interstate or Foreign Commerce, in violation of 18 U.S.C. § 371 (Count One); Interstate Transportation of Stolen Goods; Aiding and Abetting, in violation of 18 U.S.C. §§ 2314 and 2 (Counts Two through Five, Eight, and Nine); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Seven); Conspiracy to Commit Bank Theft, in violation of 18 U.S.C § 371 (Count Ten); and Bank Theft; Aiding and Abetting, in violation of 18 U.S.C. §§ 2113(b) and 2 (Count Eleven);[1]

WHEREAS, the Indictment included a Forfeiture Allegation, which gave the Defendant notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and upon conviction of one or more of the offenses alleged in Counts One through Five, Eight, and Nine of the Indictment, of any property, real or personal, which constitutes, or is derived from, proceeds traceable to the commission of the offenses;

---

[1] The Defendant was not charged in Counts Six, Twelve, or Thirteen of the Indictment.

1

WHEREAS, the property to be specifically forfeited from the Defendant included, but was not limited to, the following assets:[2]

    a.    One black Dodge Challenger, unknown year and unknown vehicle identification number, used by RAFAEL DAVILA;

    b.    One 2015 Chevrolet Suburban, bearing vehicle identification number 1GNSKJKC2FR674310, registered to RAFAEL DAVILA; and

    c.    One 2012 Can-Am Spyder Roadster, bearing vehicle identification number 2BXJBDC17CV000847, registered to RAFAEL DAVILA;

WHEREAS, the Indictment also included a Money Laundering Forfeiture Allegation, which gave the Defendant notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 982(a)(1), and upon conviction of the offense alleged in Count Seven of the Indictment, of any property, real or personal, involved in such offense, and any property traceable to such property;

WHEREAS, the property to be specifically forfeited from the Defendant included, but was not limited to, the following:

    a.    One Maroon Acura MDX, unknown year and unknown vehicle identification number, used by RAFAEL DAVILA;

    b.    One black Dodge Challenger, unknown year and unknown vehicle identification number, used by RAFAEL DAVILA; and

    c.    One 2015 Chevrolet Suburban, bearing vehicle identification number 1GNSKJKC2FR674310, registered to RAFAEL DAVILA;

WHEREAS, the Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the

---

[2] Several additional properties were named as forfeitable in the Forfeiture Allegation; however, those properties are associated with various co-defendants in this case, and the United States does not seek to forfeit them from the Defendant in this action.

exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of such property described above;

WHEREAS, on April 16, 2024, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of additional property that the government intended to forfeit from the Defendant, pursuant to 18 U.S.C §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), as a result of violations of 18 U.S.C. §§ 371 and 1956(h);

WHEREAS, pursuant to, and without limiting in any manner the Forfeiture Allegation and the Money Laundering Forfeiture Allegation of the Indictment, the United States provided notice to the Defendant that it was seeking forfeiture, without limitation, of the following specific property:

   a. 2015 Chevrolet Suburban, bearing vehicle identification number 1GNSKJKC2FR674310, registered to Rafael Davila;

   b. 2007 Maroon Acura MDX, VIN: 2HNYD28417H521187, used by Rafael Davila;

   c. 19 various catalytic converters seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

   d. 9mm PW Arms handgun serial #017999 seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

   e. Magazine with 10 rounds of ammunition seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

   f. 24 catalytic converters seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

g. 19 Catalytic Converters seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

h. 1 box of ammunition and holster with magazine seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

i. One (1) clear in color extended magazine ETS group US with ammo seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

j. One catalytic converter seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

k. $8,215.00 U.S. Currency seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

l. Gold in color chain and two (2) earrings seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

m. Glock 27, 40 Cal, serial number GGR068 seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

n. Magazine with rounds seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

o. Miscellaneous jewelry with money bands seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

p. Miscellaneous jewelry seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

q. Two suspected diamond earrings seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

r. Two (2) Sea Doo Jet Skis seized on or about April 12, 2023 at 163 Trafton Rd., Springfield, MA 01108;

s. Blue Honda Gold Wing Motorcycle bearing vehicle identification number JH2SC79YlNK400229, seized on or about April 12, 2023 at 163 Trafton Rd., Springfield, MA 01108;

t. Green Dirt Bike bearing vehicle identification number KX085AE038928, seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

u. Blue/White BMW RR Sport Bike seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

  v.  Orange Honda CBR 1000 RR bearing vehicle identification number JH2PC40JODK000152, seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

  w.  Blue/Silver Sterco Dirt Bike seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030; and

  x.  2017 Red Suzuki bearing vehicle identification number JS1DM11BXH2100581, seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

WHEREAS, on April 16, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Five, and Seven through Eleven of the Indictment;

WHEREAS, during the plea hearing, the United States gave a recitation of the facts in support of the offenses to which the Defendant was pleading guilty. The parties informed the Court that certain of the properties for which the government would be seeking forfeiture would likely be contested;

WHEREAS, the Court advised the parties that the Defendant had two weeks within which to file a response pertaining to the forfeiture of the properties that had been seized from him and which the United States intended to forfeit;

WHEREAS, the Defendant filed a Status Report Regarding Forfeiture Proceedings, indicating several assets for which the Defendant objects to their forfeiture and wishes to be heard (the "Contested Assets");

WHEREAS, in the Status Report Regarding Forfeiture Proceedings, the Defendant specifically noted that he will not object to the forfeiture of all other items previously identified by the government as being subject to forfeiture;

WHEREAS, subsequently, the Court directed the United States to file a forfeiture motion

5

specifically for those assets as to which the Defendant indicated that he will not object to their forfeiture,[3] and the assets for which forfeiture is uncontested are as follows:

- a. One black Dodge Challenger, unknown year and unknown vehicle identification number, used by RAFAEL DAVILA;

- b. 2007 Maroon Acura MDX, VIN: 2HNYD28417H521187, used by Rafael Davila;

- c. 19 various catalytic converters seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

- d. 9mm PW Arms handgun serial #017999 seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

- e. Magazine with 10 rounds of ammunition seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

- f. 24 catalytic converters seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

- g. 19 Catalytic Converters seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

- h. 1 box of ammunition and holster with magazine seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

- i. One (1) clear in color extended magazine ETS group US with ammo seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

- j. One catalytic converter seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

- k. $8,215.00 U.S. Currency seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

- l. Glock 27, 40 Cal, serial number GGR068 seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

---

3  The government will be filing separately a Motion for Preliminary Order of Forfeiture with respect to the Contested Assets.

    m.    Magazine with rounds seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

    n.    Miscellaneous jewelry with money bands seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030; and

    o.    Miscellaneous jewelry seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

(collectively the "Properties");

WHEREAS, in light of the Defendant's guilty plea, as well as the Defendant's Status Report Regarding Forfeiture Proceedings whereby the Defendant agreed not to object to the forfeiture of the Properties, the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty in Counts One through Five and Seven through Eleven of the Indictment, and accordingly, the Properties are subject to forfeiture to the United States pursuant to 18 U.S.C §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure; and

WHEREAS, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the United States is now entitled to a Preliminary Order of Forfeiture against the Properties.

ACCORDINGLY, it is hereby ORDERED, ADJUDGED, AND DECREED that:

1.    The Court finds, pursuant to Rule 32.2(b)(1) of the Federal Rules of Criminal Procedure, that the United States has established the requisite nexus between the Properties and the offenses to which the Defendant pled guilty.

2.    The Court shall retain jurisdiction in this case for the purpose of enforcing this Order.

3.    Accordingly, all of the Defendant's interests in the Properties are hereby forfeited

to the United States of America for disposition, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c).

4. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States is hereby authorized to seize the Properties and maintain themn in its secure custody and control.

5. Pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982, incorporating 21 U.S.C. § 853(n)(1), the United States shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture and notice of the United States' intent to dispose of the Properties.

6. Pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982, incorporating 21 U.S.C. § 853(n)(1), the United States shall give, to the extent practicable, direct written notice to any person known to have alleged an interest in the Properties to be forfeited.

7. Pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982, incorporating 21 U.S.C. § 853(n)(2) and (3), the notice referred to above shall state: (a) that any person, other than the Defendant, asserting a legal interest in the Properties shall, within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier, file a petition with the United States District Court in Boston, Massachusetts, requesting a hearing to adjudicate the validity of his or her interest in the Properties; and (b) that the petition shall be signed by the petitioner under the penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Properties, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Properties, any additional facts supporting the petitioner's claim, and the relief sought.

8. Pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982, incorporating 21 U.S.C. § 853(n)(7), following the Court's disposition of all petitions filed under 21 U.S.C. § 853(n)(6), or if no such petitions are filed following the expiration of the period provided in 21 U.S.C. § 853(n)(2) for the filing of such petitions, the United States of America shall have clear title to the Properties.

9. Upon adjudication of all third party interests, this Court will enter a Final Order of Forfeiture, pursuant to 18 U.S.C. §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(c) of the Federal Rules of Criminal Procedure, in which all interests will be addressed.

10. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Preliminary Order of Forfeiture will become final as to the Defendant at the time of his sentencing, will be part of the Defendant's criminal sentence, and will be included in the criminal judgment entered by this Court against him.

/s/ Leo T. Sorokin
LEO T. SOROKIN
United States District Judge

Dated: 7/3/2024