UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No.: 23-10127-LTS |
| | ) | |
| 1. RAFAEL DAVILA, | ) | |
| a/k/a "Robbin Hood," | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION FOR PRELIMINARY ORDER OF FORFEITURE
WITH RESPECT TO CONTESTED ASSETS**

The United States of America, by its attorney, Joshua S. Levy, Acting United States Attorney for the District of Massachusetts, respectfully moves this Court for the issuance of a Preliminary Order of Forfeiture in the above-captioned case pursuant to 18 U.S.C §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure. In support thereof, the United States sets forth the following:

1.      On May 3, 2023, a federal grand jury sitting in the District of Massachusetts returned a thirteen-count Indictment charging defendant Rafael Davila (the "Defendant"), and others, with Conspiracy to Transport Stolen Goods Valued Over $5,000 in Interstate or Foreign Commerce, in violation of 18 U.S.C. § 371 (Count One); Interstate Transportation of Stolen Goods; Aiding and Abetting, in violation of 18 U.S.C. §§ 2314 and 2 (Counts Two through Five, Eight, and Nine); Money Laundering Conspiracy, in violation of 18 U.S.C. § 1956(h) (Count Seven); Conspiracy to Commit Bank Theft, in violation of 18 U.S.C § 371 (Count Ten); and Bank Theft; Aiding and Abetting, in violation of 18 U.S.C. §§ 2113(b) and 2 (Count Eleven), (collectively, the "Target Offenses").[1]

2.      The Indictment included a Forfeiture Allegation, which gave the Defendant notice

---

[1] The Defendant was not charged in Counts Six, Twelve, or Thirteen of the Indictment.

that the United States intended to seek forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28

U.S.C. § 2461(c), and upon conviction of one or more of the offenses alleged in Counts One

through Five, Eight, and Nine of the Indictment, of any property, real or personal, which

constitutes, or is derived from, proceeds traceable to the commission of the offenses.  The

property to be specifically forfeited from the Defendant included, but was not limited to, the

following assets:[2]

- a. One black Dodge Challenger, unknown year and unknown vehicle identification number, used by RAFAEL DAVILA;

- b. One 2015 Chevrolet Suburban, bearing vehicle identification number 1GNSKJKC2FR674310, registered to RAFAEL DAVILA; and

- c. One 2012 Can-Am Spyder Roadster, bearing vehicle identification number 2BXJBDC17CV000847, registered to RAFAEL DAVILA.

3.       The Indictment also included a Money Laundering Forfeiture Allegation, which

gave the Defendant notice that the United States intended to seek forfeiture, pursuant to 18 U.S.C.

§ 982(a)(1), and upon conviction of the offense alleged in Count Seven of the Indictment, of any

property, real or personal, involved in such offense, and any property traceable to such property.

The property to be specifically forfeited from the Defendant included, but was not limited to, the

following:

- a. One Maroon Acura MDX, unknown year and unknown vehicle identification number, used by RAFAEL DAVILA;

- b. One black Dodge Challenger, unknown year and unknown vehicle identification number, used by RAFAEL DAVILA; and

- c. One 2015 Chevrolet Suburban, bearing vehicle identification number 1GNSKJKC2FR674310, registered to RAFAEL DAVILA.

---

[2] Several additional properties were named as forfeitable in the Forfeiture Allegation; however, those properties are associated with various co-defendants in this case, and the United States does not seek to forfeit them from the Defendant in this action.

4.      The Indictment further provided that, if any of the above-described forfeitable property, as a result of any act or omission by the Defendant, (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, it is the intention of the United States, pursuant to 28 U.S.C. § 2461(c), and 18 U.S.C. § 982(b), incorporating 21 U.S.C. § 853(p), to seek forfeiture of any other property of the Defendant, up to the value of such property described in Paragraphs 2 and 3 above.

5.      On April 16, 2024, the United States filed a Bill of Particulars for Forfeiture of Assets, providing notice of additional property that the government intended to forfeit from the Defendant, pursuant to 18 U.S.C §§ 981(a)(1)(C) and 982(a)(1), and 28 U.S.C. § 2461(c), as a result of violations of 18 U.S.C. §§ 371 and 1956(h). *See* Docket No. 234. Pursuant to, and without limiting in any manner the Forfeiture Allegation and the Money Laundering Forfeiture Allegation of the Indictment, the United States provided notice to the Defendant that it was seeking forfeiture, without limitation, of the following specific property:

a.      2015 Chevrolet Suburban, bearing vehicle identification number 1GNSKJKC2FR674310, registered to Rafael Davila;

b.      2007 Maroon Acura MDX, VIN: 2HNYD28417H521187, used by Rafael Davila;

c.      19 various catalytic converters seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

d.      9mm PW Arms handgun serial #017999 seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

e.      Magazine with 10 rounds of ammunition seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

3

f.     24 catalytic converters seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

g.     19 Catalytic Converters seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

h.     1 box of ammunition and holster with magazine seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

i.     One (1) clear in color extended magazine ETS group US with ammo seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

j.     One catalytic converter seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

k.     $8,215.00 U.S. Currency seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

l.     Gold in color chain and two (2) earrings seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

m.     Glock 27, 40 Cal, serial number GGR068 seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

n.     Magazine with rounds seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

o.     Miscellaneous jewelry with money bands seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

p.     Miscellaneous jewelry seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

q.     Two suspected diamond earrings seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

r.     Two (2) Sea Doo Jet Skis seized on or about April 12, 2023 at 163 Trafton Rd., Springfield, MA 01108;

s.     Blue Honda Gold Wing Motorcycle bearing vehicle identification number JH2SC79YlNK400229, seized on or about April 12, 2023 at 163 Trafton Rd., Springfield, MA 01108;

t.     Green Dirt Bike bearing vehicle identification number KX085AE038928, seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

u.      Blue/White BMW RR Sport Bike seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

v.      Orange Honda CBR 1000 RR bearing vehicle identification number JH2PC40JODK000152, seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

w.      Blue/Silver Sterco Dirt Bike seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030; and

x.      2017 Red Suzuki bearing vehicle identification number JS1DM11BXH2100581, seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030.

6.      On April 16, 2024, at a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the Defendant pled guilty to Counts One through Five, and Seven through Eleven of the Indictment. *See* Docket No. 235.

7.      During the plea hearing, the United States gave a recitation of the facts in support of the offenses to which the Defendant was pleading guilty. The parties informed the Court that certain of the properties for which the government would be seeking forfeiture would likely be contested. The Court advised the parties that the Defendant had two weeks within which to file a response pertaining to the forfeiture of the properties that had been seized from him and which the United States intended to forfeit. *See* Docket No. 235.

8.      On April 30, 2024, the Defendant filed a Status Report Regarding Forfeiture Proceedings, indicating several assets for which the Defendant objects to their forfeiture and wishes to be heard, including the following specific property:[3]

a.      One 2015 Chevrolet Suburban, bearing vehicle identification number

---

[3] In his Status Report, the Defendant also indicated that he intended to contest the forfeiture of two additional sets of items: "Gold in color chain and two (2) earrings seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030" and "Two suspected diamond earrings seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030." The government has elected not to pursue the forfeiture of those items and will coordinate with the Defendant to facilitate their return.

1GNSKJKC2FR674310, registered to RAFAEL DAVILA;

b.    One 2012 Can-Am Spyder Roadster, bearing vehicle identification number 2BXJBDC17CV000847, registered to RAFAEL DAVILA;

c.    Two (2) Sea Doo Jet Skis seized on or about April 12, 2023 at 163 Trafton Rd., Springfield, MA 01108[4];

d.    Blue Honda Gold Wing Motorcycle bearing vehicle identification number JH2SC7941NK400229, seized on or about April 12, 2023 at 163 Trafton Rd., Springfield, MA 01108[5];

e.    Green Dirt Bike bearing vehicle identification number KX085AE038928, seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030[6];

f.    Blue/White BMW RR Sport Bike seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030;

g.    Orange Honda CBR 1000 RR bearing vehicle identification number JH2PC40JODK000152, seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030[7];

h.    Blue/Silver Sterco Dirt Bike seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030; and

i.    2017 Red Suzuki bearing vehicle identification number JS1DM11BXH2100581, seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030

(collectively, the "Contested Assets").   *See* Docket No. 242.

---

[4] The Bill of Particulars identified for forfeiture "two (2) Sea Doo Jet Skis seized on or about April 12, 2023 at 163 Trafton Rd., Springfield, MA 01108."   In fact, one of the jet skis is a Sea Doo and the second is a Kawasaki, and they were seized from 799 S West St., Apt. D, Feeding Hills, MA 01030.

[5] The Bill of Particulars identified for forfeiture a "Blue Honda Gold Wing Motorcycle bearing vehicle identification number JH2SC79YlNK400229, seized on or about April 12, 2023 at 163 Trafton Rd., Springfield, MA 01108."   The VIN is in fact JH2SC7941NK400229.

[6] The Bill of Particulars identified for forfeiture a "Green Dirt Bike bearing vehicle identification number KX085AE038928, seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030."   The number provided is the identification number for the bike's engine; the displayed VIN for the bike itself is JKBKXFAC39A045141.

[7] The Bill of Particulars identified for forfeiture "Orange Honda CBR 1000 RR bearing vehicle identification number JH2PC40JODK000152, seized on or about April 12, 2023 at 799 S West St., Apt. D, Feeding Hills, MA 01030."   The model is in fact an Orange Honda CBR 600RR; the VIN is correct.

9.      In the Status Report Regarding Forfeiture Proceedings, the Defendant specifically noted that he will not object to the forfeiture of all other items previously identified by the government as being subject to forfeiture (the "Uncontested Assets").[8]  *Id.*

10.      The attached Affidavit of Trooper James T. Melberg of the Massachusetts State Police, incorporated herein as Exhibit A, sets forth evidence from the investigation supporting the government's position that the Contested Assets constitute, or are derived from, proceeds traceable to the commission of the offenses as alleged in Counts One through Five, and Eight through Eleven of the Indictment; and/or properties seized which represent property, real or personal, involved in such offense, and any property traceable to such property, as charged in Count Seven of the Indictment.[9]

11.      As discussed in Trooper Melberg's affidavit, Davila was the leader of an organized crew of catalytic converter thieves and burglars.   Investigators believe Davila was engaged in the Target Offenses dating back to February 2020 and that the commission of the Target Offenses constituted Davila's primary source of income during the period of February 2020 through 2023. The investigation—including surveillance as well as investigators' review of Davila's iCloud data and text messages and other digital evidence—found no evidence that Davila has had a legitimate job in over three years.[10]  In fact, based upon the number of incidents to which he was connected,

---

[8]  The government has filed separately an assented-to Motion for Preliminary Order of Forfeiture with respect to the Uncontested Assets, which was granted on July 3, 2024.  *See* Docket Nos. 251, 253.

[9]  Although some of the Contested Assets are titled to third parties, that fact does not impede the entry of the requested Preliminary Order of Forfeiture ("POF") for those assets, as the POF forfeits only **the Defendant's** interest in the property; thus, any ownership interests of third parties will be resolved in ancillary forfeiture proceedings after entry of the POF.

[10]  Additionally, the PSR indicates that from 2020 to April 2023, Davila "was primarily unemployed."   PSR at ¶ 414.   He reports having received both unemployment and food stamps between 2020 and 2022.   While Davila claims to have bought and sold cars privately, making an average of $1500

his statements, and his text messages, Davila appeared to engage in catalytic conve1ter thefts and burglaries on a full-time basis, committing these crimes multiple nights per week for upwards of eight hours a night.

12.     The investigation revealed Davila's texts to his girlfriend in which he commented that he *"drives his bank account"* and that he has *"over 200K in assets"* (emphases added).   As discussed in Trooper Melberg's affidavit, texts messages and photographs evidence Davila's ownership and/or control over the Contested Assets, including the fact that eight of the ten vehicles were seized from his residence (the remaining two vehicles were seized from his family home, where his parents and brother/co-defendant reside).   The lack of formal paperwork for many of the Contested Assets was consistent with Davila's practice of purchasing assets in the names of others or simply not registering them at all.   Given the foregoing—including the fact that Davila has no legitimate source of income, along with his admissions about "driving his bank account"— investigators thus reasonably believe that funds from the Target Offenses were used to purchase the Contested Assets.   *See United States v. Betancourt*, 422 F.3d 240, 251-52 (5th Cir. 2005) (where there was no evidence that the drug dealer defendant had any legitimate income with which he could have acquired his interest in a winning lottery ticket, "it follows as a matter of logic that the money used to acquire the interest came from drug sales"); *United States v. Green*, 516 F. App'x. 113, 135 (3d Cir. 2013) (while there was no direct evidence that the defendant had purchased a car with fraud proceeds, the circumstantial evidence—including that the defendant purchased the car during the time he was committing the offense and had no other income—was sufficient to find that the vehicle was subject to forfeiture).

---

per week, this could not be verified.   *Id*.

13.     As a part of sentencing, criminal forfeiture is subject to a preponderance of the evidence standard.   *See, e.g., United States v. Cox*, 851 F.3d 113, 129 (1st Cir. 2017).   As set forth in Fed. R. Crim. P. 32.2(b)(1)(B), "[t]he court's determination may be based on evidence already in the record, including any written plea agreement, and on any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable."   If forfeiture is contested, "on either party's request the court must conduct a hearing after the verdict or finding of guilty" (*id.*), however, because the Rules of Evidence are inapplicable at sentencing, *see* Fed. R. Evid. 1101(d)(3), the Court may rely on hearsay evidence to determine forfeiture, and no Sixth Amendment confrontation right attaches.   *See United States v. Pinet-Fuentes*, 888 F.3d 557, 559-60 (1st Cir. 2018) (Court may consider hearsay and other evidence at sentencing that would not be permitted under conventional jury trial rules); *United States v. Rodriguez*, 336 F.3d 67, 71 (1st Cir. 2003) (no Sixth Amendment right to confront witnesses during the sentencing phase).

14.     In light of the Defendant's guilty plea, as well as the Affidavit of Trooper James T. Melberg, the United States has established the requisite nexus between the Contested Assets and the offenses to which the Defendant pled guilty in Counts One through Five and Seven through Eleven of the Indictment.   Accordingly, the Contested Assets are subject to forfeiture to the United States pursuant to 18 U.S.C §§ 981(a)(1)(C) and 982(a)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, and the United States is now entitled to a Preliminary Order of Forfeiture against the Contested Assets.

15.     Upon the issuance of a Preliminary Order of Forfeiture with Respect to Contested Assets, and pursuant to 28 U.S.C. § 2461(c) and 18 U.S.C. § 982, incorporating 21 U.S.C. § 853(n)(1), and Rule 32.2(b)(6)(C) of the Federal Rules of Criminal Procedure, the United States

shall publish, for thirty (30) consecutive calendar days on the government forfeiture website www.forfeiture.gov, notice of the Preliminary Order of Forfeiture, notice of the United States' intent to dispose of the Contested Assets, and notice that any person, other than the Defendant, having or claiming a legal interest in the Contested Assets must file a petition with the Court within sixty (60) days after the first day of publication on the government forfeiture website or within thirty (30) days after receipt of actual notice, whichever is earlier.

16.     This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Contested Assets, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited Contested Assets and any additional facts supporting the petitioner's claim and the relief sought.

17.     The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the Contested Assets that are the subject of the Preliminary Order of Forfeiture as a substitute for published notice as to those persons so notified.

WHEREFORE, the United States requests that this Court:

(a)     enter the Preliminary Order of Forfeiture with Respect to Contested Assets[11];

(b)     include the forfeiture, as set forth in the Preliminary Order of Forfeiture with Respect to Contested Assets, in the oral pronouncement of the Defendant's sentence;

(c)     retain jurisdiction for the purpose of enforcing the forfeiture; and

---

[11] The government will submit a proposed Preliminary Order of Forfeiture with Respect to Contested Assets upon the completion of the briefing and any hearing in this matter.

(d)     incorporate the Preliminary Order of Forfeiture with Respect to Contested Assets

in the criminal judgment entered against the Defendant, pursuant to Federal Rule of Criminal

Procedure 32.2(b)(4).

Respectfully submitted,

JOSHUA S. LEVY
Acting United States Attorney,


By:     */s/ Alexandra W. Amrhein*
        PHILIP A. MALLARD
        ALEXANDRA W. AMRHEIN
        Assistant United States Attorneys
        United States Attorney's Office
        1 Courthouse Way, Suite 9200
        Boston, MA 02210
        (617) 748-3100
Date:   July 5, 2024        Alexandra.Amrhein@usdoj.gov

11