UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RAFAEL DAVILA<br><br>Defendants | CRIMINAL No. 23-CR-10127-LTS |

**GOVERNMENT'S OPPOSITION TO SECOND MOTION TO CONTINUE SENTENCING HEARING**

The government objects to the continuance of the sentencing hearing being sought by the Defendant. Sentencing is currently scheduled for Friday, September 13, 2024, which is the second scheduled sentencing date. The sentencing should not be continued further.

The government assented to the first motion to continue that the Defendant filed approximately in July 2024, approximately thirty days before the original sentencing date. *See* ECF #248.  In that motion, Defense Counsel noted that the "draft PSR is extraordinarily lengthy, approximately 117 pages in length. Due to its length and complexity, undersigned counsel seeks additional time to review with the Defendant and otherwise prepare for sentencing." ECF #248. The government assented, and the Court allowed the motion and selected one of the dates proposed by Defense Counsel in the motion, specifically September 13, 2024. ECF #249.

This second motion to continue, filed yesterday, also cites the length of the PSR as the basis for the request.  *See* ECF #279 ("The draft version of the presentence report spanned 117 pages in length. The final version of the presentence report—which undersigned counsel received on September 6, 2024—spans 147 pages.").  The Defendant's motion largely overstates the issue. The offense level and criminal history portions of the PSR remain unchanged since the initial

disclosure on June 25, 2024. While the government's four objections are now set forth and caused the length to increase, those four objections were submitted to counsel at the same they were provided to Probation -- August 13, 2024 -- and are basically the objections publicly filed and litigated in each of the prior sentenced codefendants. *See* Exhibit 1.

To start, the government has already considerable time and effort to prepare its sentencing memorandum and exhibits that it intends to file shortly. These materials were prepared over the weekend and prior to the disclosure of the PSR. Beyond that there are also practical reasons for why the government is objecting. The government has alerted the over 300 victims and interested law enforcement. A number of the victims and law enforcement witnesses have expressed their interest in attending the sentencing on September 13, 2024. The government has also been informed that at least one victim related to a jewelry store burglary was planning to attend.

Moreover, it appears that there is a further unstated basis governing why this belated request has been made. Specifically, the Defendant has sent a number of text messages where he stated that he wants to move the sentencing date based upon it falling on Friday the 13th.

- The first of these messages was sent on August 11, 2024, where the Defendant stated "My sentencing date was September thirteenth which happens to be a Friday so I'm having the date changed. I'm not crazy superstitious but I refuse to get sentenced on Friday the thirteenth lole."

- The Defendant next sent a message on August 14, 2024, stating "My sentencing was moved to Friday the 13th September and I said fuck that change that date lmao. So I'm waiting for a new date."

- The next day, on August 15, 2024, the Defendant stated, "My sentencing date was Friday the 13th September so I told my lawyer he has to change the date again fuck that lol."

- On September 6, 2024, the Defendant stated, "I'm not letting them sentence me on the 13th. I asked to change my date and also I haven't done the forfeiture hearing."

Exhibit 2.

2

From this, it is clear to the government that the concerns raised in the second motion to continue are not the primary factors at play in the continuance being sought. The detained Defendant does not get an option to move the date of his sentencing that has been scheduled for over two months, especially when doing so would further inconvenience victims and other individuals who are interested in attending the sentencing. It also appears that the Defendant is seeking to achieve some strategic advantage in the contested forfeiture issue prior to sentencing as well.

Irrespective of the Defendant's precise motivations, they certainly do not warrant a continuance. Neither do counsel's concerns as to the length of the PSR, which was largely disclosed in substance nearly three months ago. The government vehemently objects to the Defendant dictating the Court's calendar, the schedules of the victims and law enforcement officers, and undersigned counsel's professional obligations being dictated by "refusal" to be sentenced on a date of his choosing.

Wherefore, the government requests that the Court deny the Defendant's second motion to continue sentencing.

    Respectfully submitted,

    JOSHUA S. LEVY
    Acting United States Attorney,

By:   */s/ Philip A. Mallard*
    Philip A. Mallard
    Assistant United States Attorney

## **CERTIFICATE OF SERVICE**

       I, Philip A. Mallard, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date:   September 10, 2024                     */s/ Philip A. Mallard*
                                                           Philip A. Mallard
                                                           Assistant United States Attorney